IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANKARA SARANAM,

        Plaintiff,

v.                                                  No. 2:17-cv-00820-KRS

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REVERSE AND REMAND

Plaintiff seeks review of the Commissioner's determination that he is not entitled to disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. With the consent of the parties to conduct dispositive proceedings in this matter, *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b), the Court has considered Plaintiff's Motion to Reverse and Remand Commissioner's Administrative Decision (Doc. 21) and Memorandum in Support (Doc. 22), both filed April 20, 2018, and the Commissioner's response in opposition (Doc. 24), filed May 21, 2018. Having so considered, the Court FINDS and CONCLUDES that Plaintiff's motion is GRANTED IN PART as set forth below.

### I. PROCEDURAL BACKGROUND

On May 10, 2013, Plaintiff filed an application for Social Security Disability Insurance benefits, alleging that he had been disabled since June 01, 2009, due to limited mobility; a back injury and chronic pain; sciatica; trouble breathing; stiffness; loss of use of left arm; and pain. (AR 182, 200). On October 4, 2013, it was determined that Plaintiff was not disabled and his claim was denied. (AR 128). This determination was affirmed on March 7, 2014, (AR 134), and

a subsequent hearing before administrative law judge ("ALJ") Frederick Upshall, held on May 2, 2016, again ended in a denial. (AR 29-37).

In making his determination, ALJ Upshall engaged in the required five-step disability analysis,[1] first finding that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of June 1, 2009.[2] (AR 31). At step two, ALJ Upshall found that Plaintiff has the severe impairments of degenerative joint disease; degenerative disc disease; fibromyalgia; and rheumatoid arthritis. (*Id.*). At step three, the ALJ determined that none of Plaintiff's impairments, whether alone or in combination, met or medically equaled the severity of a listed impairment. (AR 32).

ALJ Upshall next assessed Plaintiff's Residual Functional Capacity ("RFC"),[3] finding that Plaintiff has the RFC to:

> perform a range of sedentary work as defined in 20 CFR 404.1567(a). He can lift, carry, push, and pull 10 pounds occasionally and less than 10 pounds frequently; can stand and/or walk for approximately 2 hours in an 8-hour workday; can sit for approximately 6 hours in an 8-hour workday; cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; can reach overhead occasionally bilaterally; and can frequently finger and handle bilaterally.

(*Id.*). The ALJ then proceeded to steps four and five where, with the help of a vocational expert, he determined that Plaintiff could perform his past relevant work as an office clerk or, in the alternative, perform the requirements of representative occupations including document scanner, call-out operator, and charge account clerk. (AR 35-37).

The ALJ's decision became final when, on June 9, 2017, the Appeals Council denied Plaintiff's request for review. (AR 1). *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000)

---

[1] *See* 20 C.F.R. § 404.1520 (outlining the five-step analysis).
[2] The ALJ also determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017. (AR 31).
[3] The RFC gauges "what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). *See also* 20 C.F.R. § 404.1545(a)(1).

(explaining that if the Council denies a request for a review, the ALJ's opinion becomes the Commissioner's final decision). *See also* 20 C.F.R. § 404.900(a)(1)-(5). Plaintiff now asks the Court to reverse the Commissioner's determination, arguing, in sum, that ALJ Upshall's RFC finding is not supported by substantial evidence.

## II.  ANALYSIS

### A.  STANDARD

Judicial review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). *See also* 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (quotation omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quotation omitted). The Court must examine the record as a whole, "including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* at 1262. "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted). Even so, it is not the function of the Court to review Plaintiff's claims de novo, and the Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

### B.  Plaintiff's Arguments

Plaintiff's request for reversal and remand is based on contentions that ALJ Upshall

failed to properly weigh medical opinion evidence provided by Plaintiff's treating physician, Dr. Roset Samuel,[4] and consultative examiner, Dr. Roger Felix, and improperly evaluated Plaintiff's testimony.[5] Plaintiff concludes that these alleged errors resulted in an unsubstantiated RFC determination.

It is beyond dispute that an ALJ is required to consider and weigh every medical opinion contained in the record. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012); 20 C.F.R. § 404.1527(c). In determining what weight to give to an opinion, the ALJ evaluates several factors including, inter alia, the supportability and consistency of the opinion. 20 C.F.R. § 404.1527(c)(1)-(6). The ALJ need not expressly consider all of the relevant factors, but his or her decision must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the…medical opinion and the reasons for that weight." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (quotation omitted). While "there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion," *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012), substantial evidence must support the ALJ's RFC determination. *See, e.g.*, *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (explaining that factual findings must be supported by substantial evidence). Additionally, the ALJ's decision must provide the Court "with a sufficient basis to determine that appropriate legal principles have been followed." *Byron*, 742 F.2d 1232, 1235 (10th Cir. 1984).

Having meticulously combed the record, the Court finds that the ALJ erred in his evaluation of the medical evidence of record. Accordingly, the Court cannot conclude that the

---

[4] In her response, the Commissioner questions whether Dr. Samuel should be categorized as Plaintiff's treating physician. (Doc. 24, p. 16). She does not, however, ask the Court to determine otherwise and Dr. Samuel's relationship with Plaintiff does not affect the Court's analysis.

[5] The Court notes that on October 17, 2018, Plaintiff's counsel filed a letter expressing that he "also objects to the decision by the ALJ on the grounds that it was decided by an ALJ who was not constitutionally appointed." (Doc. 25, p. 1). Yet, Counsel's "objection" was not brought in the form of a motion and thus the matter is not before the Court.

ALJ's decision is based on substantial evidence and it will reverse on this ground. The Court will only reach Plaintiff's specific contentions to the extent relevant.

### C. The ALJ's Determination

In support of his RFC determination, ALJ Upshall summarized the evidence of record and assigned weight to medical opinions provided by Plaintiff's treating physician, Dr. Roset Samuel, non-examining state agency physicians who reviewed Plaintiff's medical records at the initial and reconsideration levels of review, and consultative examiner, Dr. Roger Felix.

#### 1. Dr. Samuel

As is relevant here, Dr. Samuel completed Disability Impairment Questionnaires in 2013 and 2016 wherein she assessed Plaintiff with multiple work-related impairments. (AR 347-48, 414-18). In the most recent questionnaire, Dr. Samuel diagnosed Plaintiff with systemic rheumatoid arthritis resulting in severe pain and sciatica. (AR 414-15). Dr. Samuel explained that her findings were based on x-rays and laboratory studies and opined that Plaintiff could (1) sit, stand, and/or walk for less than one hour in an eight-hour work day; (2) occasionally lift and carry between five and ten pounds; and (3) never/rarely use his arms for reaching. (AR 416-17). Dr. Samuel further noted that it is medically necessary for Plaintiff to avoid continuous sitting and that he would likely be absent from work more than three times a month. (AR 416, 418).

ALJ Upshall afforded "limited weight" to Dr. Samuel's opinions, finding that they "appear[ed] to be based upon the claimant's subjective complaints, as they are inconsistent with Dr. [Samuel's] treatment records." To further support this weight assignment, the ALJ explained that Dr. Samuel did not note any specific abnormalities when she examined Plaintiff on December 6, 2013, and June 10, 2015. The ALJ also determined that Dr. Samuel failed to provide an explanation for the "claimed limitations" she identified. (AR 35).

Although inconsistency and supportability are valid reasons for rejecting a medical opinion, see 20 C.F.R. § 404.1527(c)(2)(i)-(c)(6), the Court is unable to conclude that either reason applies in this case. In regard to the former, the ALJ's assertion that Dr. Samuel did not identify any specific abnormalities during Plaintiff's December 2013 and June 2015 physical examinations is not entirely accurate. In December 2013, for example, Dr. Samuel's musculoskeletal notes include "Arthralgia multi-joint," "joint pain throughout joints," and "joint stiffness in the right arm." The doctor assessed Plaintiff with Arthralgias in multiple sites and referred him to a Rheumatologist. (AR 359-60, 375-76). In June 2015, Dr. Samuel again assessed Plaintiff with Arthralgias in multiple sites and noted that he had an abnormal ANA panel. (AR 435-36).

Further, Dr. Samuel examined Plaintiff on February 9, 2016, at which time she assessed him with traumatic arthropathy of the pelvis/hip/femur, generalized osteoarthritis of multiple sites including the hip, neck, and lower back, and fibromyalgia. (AR 432-33). Interestingly though, the ALJ's only reference to this examination is the brief statement that Plaintiff "had muscle spasms in his spine with no tenderness to palpation." (AR 34). An ALJ is not permitted to "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004). Yet, by choosing to ignore and/or mischaracterize evidence contrary to his overall determination, it appears that ALJ Upshall failed to abide by this mandate.

Turning to the ALJ's assertion that Dr. Samuel did not provide a basis for her assessment of Plaintiff's limitations, the Court notes that the impairment questionnaires first ask for a patient's diagnosis/diagnoses and corresponding symptoms, and then inquire whether the patient's condition results in limitations. *See, e.g.*, AR 347-48, 414-18. Accordingly, Dr.

Samuel's opinion as to Plaintiff's limitations was based on the diagnoses and symptoms she identified at the beginning of the questionnaires. Importantly, ALJ Upshall asserted that Dr. Samuel did not provide "any basis or explanation for the[] claimed limitations" (AR 35), rather than state that the explanations were vague or otherwise lacking. As a result, the Court cannot find that the ALJ provided a legally sufficient reason for rejecting the doctor's opinions. *See, e.g.*, *Byron*, 742 F.2d 1232, 1235 (10th Cir. 1984).

### 2. Agency Physicians

Consultative examiner Dr. Felix evaluated Plaintiff in 2013 and, most notably, found that Plaintiff would have difficulty reaching overhead or lifting with either arm; moving his head and neck frequently; standing, walking, squatting, stooping, bending, climbing, and lifting moderate-to-heavy loads; and "using his left upper extremity for almost anything meaningful." (AR 296). In regard to the last finding, Dr. Felix noted that Plaintiff's upper left extremity showed signs of significant atrophy, weakness, and decreased sensation. (*Id.*). While ALJ Upshall discussed several of the doctor's findings in his decision, he never addressed the doctor's opinion as to Plaintiff's upper left extremity. Ultimately, ALJ Upshall afforded the doctor's opinion "partial weight" on the ground that Dr. Felix "did not give specific functional limitations." (AR 34).

The non-examining state agency physicians, in turn, opined that Plaintiff could perform a light exertional level of work and that he could sit, stand, and/or walk for six hours in an eight-hour workday, lift ten pounds frequently and twenty pounds occasionally, and occasionally engage in overhead, bilateral reaching. (AR 107, 109, 122, 123). ALJ Upshall did not discuss any of the agency physicians' specific findings in his decision. Instead, he simply explained that he "did not give great weight" to the physicians' conclusion that Plaintiff was capable of performing light work. (AR 35). Here, the ALJ explained that Plaintiff "is more limited than the

State agency opined. For example, the claimant testified he has difficult standing for long periods. Therefore, the undersigned did not afford the State agency physicians' findings regarding the claimant's physical abilities substantial weight." (AR 35).

The Court is unable to reconcile the ALJ's weighing of the above evidence with his overall RFC determination. ALJ Upshall declined to give substantial weight to the non-examining agency physicians' findings regarding Plaintiff's physical abilities, yet, aside from limiting Plaintiff to sedentary work and two hours of walking/standing, the ALJ's RFC finding is virtually identical to the agency physicians' findings.

Relatedly, ALJ Upshall found that Dr. Felix's opinion was entitled to partial weight, noting only that he discounted the opinion because it lacked specific limitations. Presumably, then, the ALJ did not take issue with the doctor's medical findings; however, he failed to address or consider the doctor's determination that Plaintiff's upper left extremity was significantly impaired. Due to these seemingly inconsistent findings, the Court can neither follow nor affirm the ALJ's reasoning. *See, e.g.*, *Oldham*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Byron*, 742 F.2d 1232, 1235 (10th Cir. 1984).

### III. CONCLUSION

Because the Court "cannot simply presume that the ALJ applied the correct legal standards in considering" the medical evidence of record, *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003), it is unable to conclude that the ALJ's decision is supported by substantial evidence. Consequently, the Court must reverse the Commissioner's decision and remand for further proceedings consistent with this order.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand Commissioner's Administrative Decision (Doc. 21) is hereby **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**